JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
SOHAYL VAFAI, SBN CA 319266
Special Assistant United States Attorney
    160 Spear Street, Suite 800
    San Francisco, California 94105
    Telephone: (510) 970-4838
    Facsimile: (415) 744-0134
    E-Mail: sohayl.vafai@ssa.gov

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DAVID LOVELL JEFFERSON,<br><br>    Plaintiff,<br><br>    vs.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.: 2:22-cv-01007- EJY<br><br>**MOTION TO BE RELIEVED OF PROVIDING CD COPY OF THE CERTIFIED ADMINISTRATIVE RECORD** |

**MOTION**

Pursuant to Local Rule IA 1-4, Defendant, the Acting Commissioner of Social Security (Defendant or Commissioner), respectfully moves for an order to change, dispense with, or waive the requirement that the Commissioner provide the Court with a copy of the certified administrative record (CAR) on a compact disc ("CD").  This motion is based on the following memorandum of points and authorities, along with the papers and pleadings on file.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INRODUCTION**

In Social Security disability cases, Defendant must file the CAR with Defendant's answer pursuant to 42 U.S.C. § 405(g).  In pre-COVID practice, Defendant would provide a paper copy of the CAR to the chambers of the presiding judge per Local Rule IC 2-2(g).  Pre-COVID scheduling orders in Social Security cases also typically required that Defendant submit a both a paper copy and an electronic copy of the CAR, under seal, to the Court.  In addition, Defendant provided the Court with a copy of the CAR on a CD in each case.

As will be explained in more detail below, due to the COVID-19 pandemic, the Social Security Administration has been unable to prepare certified paper and CD copies of the CAR for courts of this district.  Throughout the COVID-19 pandemic, the Commissioner sought to be relieved of providing the paper copy of the CAR in cases before most judges of this district, but provided paper copies to judges that had expressly denied the Commissioner's requests.  At this time, Defendant believes she can have a paper copy of the CAR to the Court by the current upcoming deadline.  However, Defendant hereby requests that this Court change, dispense with, or waive the requirement that Defendant provide the Court with a CD copy of the CAR.  In addition, Defendant will file an electronic copy of the CAR (e-CAR) under seal using an event in CM/ECF that will be accessible to all case participants, including counsel of record.[1]

---

[1] While Defendant has previously requested permission from the court to file the e-CAR under seal, Fed. R. Civ. P. 5.2(c) provides that electronic access to the court's docket is authorized for parties and their attorneys of record.  In addition, Local Rule IA 10-5 allows for sealed filings when "permitted by statute, rule, or prior court order."  As such, Defendant is not required to seek permission from the court to file the e-CAR under seal, and the Clerk's Office has changed the sealing instructions in CM/ECF to now

## II.    ARGUMENT

### A.    Local Rule IA 1-4

L.R. IA 1-4 provides that "[t]he court may sua sponte or on motion change, dispense with, or waive any of [the local rules] if the interests of justice so require."  This rule has been applied to, for example, waive the requirements of L.R. IA 10-3(e), which required that the cover page of each exhibit include a description of the exhibit.  *Gant v. Williams*, No. 2:16-cv-00528-JAC-NJK, 2017 WL 2974945, at *1 (D. Nev. July 12, 2017) (respondents argued that adding descriptors to the cover page of each exhibit was unduly burdensome given the large number of exhibits in the case).

### B.    This Court Should Find under Local Rule IA 1-4 That the Interests of Justice Are Served By Waiving the Requirement that Defendant Provide a CD Copy of the CAR to the Court.

Defendant, by her undersigned attorneys, provides notice to the Court and Plaintiff that an electronic copy of the CAR has been prepared and can now be filed in this matter.  As of March 30, 2022, some employees of the Social Security Administration, including those working in the Office of Appellate Operations (OAO)—which is responsible for the preparation of CARs for the agency—have returned to the office, with the implementation of telework schedules for many employees that are intended, in part, to ensure the safety of employees upon their return due to COVID-19.  As a result, while a certain number of OAO staff may be on-site on any given day, those employees must perform a number of OAO's most vital duties, such as converting paper claim files to electronic format, physically searching for missing paper claims files, processing mail, and completing urgent business that cannot be handled remotely.  Given the limited staff on-site and overall volume of cases, OAO remains, at this time, unable to provide CD copies of the CAR in every case—which this Court typically requires.  The Commissioner anticipates that a paper copy of the CAR can be provided to the Court on the date that the answer is currently due.

Pursuant to Local Rule IA 1-4 and in the interests of justice, the Commissioner hereby requests that

---

reflect that such filings are permitted consistent with L.R. IA 10-5.  Defendant therefore intends to file the e-CAR under seal using the "Certified Administrative Record" event in CM/ECF, which the Court and all counsel of record will have access to.

1   she be relieved of the requirement of providing a CD copy of the CAR for the Court.  The Commissioner
2   will file the e-CAR under seal such that the Court and counsel of record can access the CAR through
3   CM/ECF.  This will allow for the case to move forward without delay.

4                                               <u>**CONCLUSION**</u>
5          Despite diligent efforts to ameliorate the impacts of the pandemic, it continues to impact the
6   Commissioner's ability to process SSA disability appeal cases, including the ability to prepare CD copies
7   of CARs.  The Court should exercise its discretion by waiving the requirement to provide the Court with a
8   CD copy of the CAR.

9
10  Dated:  October 3, 2022                              Respectfully submitted,

11                                                      JASON M. FRIERSON
                                                        United States Attorney
12
                                                        /s/ *Sohayl Vafai*
13                                                      SOHAYL VAFAI
                                                        Special Assistant United States Attorney
14

15                                                      **IT IS SO ORDERED:**

16

17                                                      _____
18                                                      **HON. ELAYNA J. YOUCHAH**
                                                        **UNITED STATES MAGISTRATE JUDGE**
19
20                                                      **DATED: October 3, 2022**

21

22

23

24

25

26