UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAVID LOVELL JEFFERSON,<br><br>  Plaintiff,<br><br>  v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>  Defendant. | Case No. 2:22-cv-01007-EJY<br><br>**ORDER** |

Plaintiff David Lovell Jefferson ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance ("DIB") and Supplemental Security Income ("SSI").[1] ECF No. 18. For the reasons stated below, the Commissioner's decision is affirmed.

**I.    BACKGROUND**

Plaintiff filed an application for DIB and SSI on June 22, 2018, alleging disability beginning on April 2, 2015 due to schizophrenia, post-traumatic stress disorder ("PTSD"), an anxiety disorder, and depressive disorder. Administrative Record ("AR") 232-244. The Social Security Administration denied Plaintiff's claim initially and upon reconsideration (AR 114-117), followed by a hearing before an Administrative Law Judge ("ALJ"). AR 54-77. Plaintiff was represented by counsel at the hearing. AR 54. On May 21, 2021, the ALJ issued a decision finding Plaintiff not disabled. AR 28-47. The appeals council denied Plaintiff's request for review. AR 1-6. Plaintiff now seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

**II.    STANDARD OF REVIEW**

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42

---

[1] Plaintiff applied for Title II or Disability Insurance Benefits under Title XVI or Supplemental Security Income. Titles II and XVI regulations relevant to this case are virtually identical. For this reason, only Title II regulations will be cited in this Order.

U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla." It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)). In reviewing the Commissioner's alleged errors, the Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986) (internal citations omitted).

"When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198, *citing Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). However, a reviewing court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted). And, a court may not reverse an ALJ's decision based on a harmless error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

### III.   DISCUSSION

#### A.   Establishing Disability Under the Act.

To establish whether a claimant is disabled under the Social Security Act, there must be substantial evidence that:

> 1. the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> 2. the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A). "If a claimant meets both requirements, he or she is disabled." *Id*.

The ALJ uses a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-

disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (internal citation omitted); 20 C.F.R. § 404.1520. The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. *Tackett*, 180 F.3d at 1098.

The five steps consider:

Step 1. Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to disability insurance benefits. If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. *See* 20 C.F.R. § 404.1520(b).

Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. *See* 20 C.F.R. § 404.1520(c).

Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to disability insurance benefits. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. *See* 20 C.F.R. § 404.1520(d).

Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. *See* 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to disability insurance benefits. *See* 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to disability insurance benefits. *See* 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits. *See id*.

**B.    Summary of ALJ Findings**.

In her decision, the ALJ found Plaintiff had a date last insured of December 31, 2020. AR 31. Plaintiff had not engaged in substantial gainful activity since April 2, 2015, his alleged onset date. *Id*. The ALJ next found Plaintiff had severe impairments of major depressive disorder with psychosis, PTSD, diabetes mellitus I, bilateral flat feet and bunions, and cervical spine degenerative disc disease with cervicalgia. *Id*. The ALJ also found Plaintiff did not have an impairment or

combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I. AR 32. The ALJ found Plaintiff had a residual functional capacity ("RFC") to:

> lift and carry 50 pounds occasionally and 25 pounds frequently, in medium work as defined in 20 CFR 404.1567(c) and 416.967(c), except he can stand and/or walk for approximately 6 hours and sit for 6 or more hours, in an 8 hour workday, with normal breaks. The claimant can occasionally climb ladders, ropes and scaffold and can frequently climb stairs and ramps. The claimant can frequently balance, stoop, kneel and crouch and can occasionally crawl. The claimant can understand, remember and carry out simple, routine and repetitive instructions and tasks. The claimant is limited to isolated work, which involves no public contact and occasional direct coworker and supervisor interaction, with no group tasks. Supervisor contact should generally be limited to providing work assignments and answering questions, then leaving the individual alone to complete tasks independently. The claimant should perform only low stress work, which is defined as requiring only occasional changes in work setting, occasional changes in work duties and no work on a moving conveyor belt. The claimant should have no exposure to moving mechanical parts and high, exposed place hazards, as rated by the Dictionary of Occupational Titles (DOT).

AR 35-36.

The Vocational Expert testified Plaintiff could not perform his past relevant work, but there were other jobs in the national economy Plaintiff could perform including salvage laborer, industrial cleaner, and cleaner. AR 72-73. Thereafter the ALJ found Plaintiff could perform these jobs and, thus, Plaintiff was not disabled. AR 45-47.

  **C.** **Parties Arguments.**

    1. Plaintiff's Argument.

Plaintiff argues "the ALJ's mental health RFC limitations are not supported by substantial evidence because the ALJ failed to properly consider the mental health opinion" of Dr. Danielle Chipchura, a mental health clinical pharmacy specialist, MBA, and PharmD. ECF No. 18 at 9. Plaintiff complains the ALJ erroneously rejected Dr. Chipchura's opinions regarding Plaintiff's limitations as not supported by Plaintiff's "mental health examination records from the Department of Veteran Affairs and [as] inconsistent with … [Plaintiff's] activities of daily living[] such as engaging in open mic performance[s], running errands, traveling, and completing a work programs." *Id*. at 10 *citing* AR 43. Plaintiff says the ALJ did not address Dr. Chipchura's opinions regarding Plaintiff's limitations identified by Dr. Sunshine Collins (Psy.D.) and Dr. Chipchura. ECF No. 18

at 10-11. Plaintiff also says that Dr. Chipchura's opinions are consistent with the opinions of consultive examiner Dr. Collins. For these reasons, Plaintiff argues remand is warranted. *Id*. at 11.

2.  The Commissioner's Argument.

The Commissioner argues the ALJ reviewed the entire medical record including opinions of medical consultants Joseph Ceniti, Ph.D. and Brady Dalton, Psy.D., and examining psychologist Dr. Collins. ECF No. 19 at 4-5; AR 42. The Commissioner correctly points out that Plaintiff does not take issue with the analysis, findings or opinions of these three doctors. *Id*. at 4. The Commissioner contends Dr. Chipchura's opinions "were outside 'the scope of her practice under State or Federal Law.' … [They] therefore did not constitute a medical opinion." *Id*. at 4 *citing* 20 C.F.R. § 404.1502(d) and 20 C.F.R. § 1513(a)(2). Social Security Regulations require an ALJ to explain how she considered consistency and supportability when assessing medical opinions, but not evidence from nonmedical sources. *Id*. at 4-5 *citing* 20 C.F.R. §§ 404.1520c(b)(2), 404.1520c(d) (an ALJ is "not required to articulate how" he or she "considered evidence from nonmedical sources"). The Commissioner notes that "[f]or claims subject to the new regulations, the former hierarchy of medical opinions—in which [the Social Security Administration] … assign[ed] presumptive weight based on the extent of the doctor's relationship with the claimant—no longer applies." *Id.* at 6 *citing Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).[2] Further, the Commissioner argues that the ALJ may discredit any medical opinion so long as it is supported by substantial evidence. *Id*. *citing id.*

The Commissioner says as a licensed pharmacist, Dr. Chipchura's scope of practice is defined by NRS 639.0124. *Id*. at 5. The Commissioner points out the practice of pharmacy "does not include the changing of a prescription by a pharmacist or practitioner without the consent of the prescribing practitioner" and is excluded from the definition of a medical source under the applicable Social Security Regulation. *Id*. *citing* NRS 639.0124(d) (noting exceptions that do not apply here)[3];

---

[2] The new regulations govern application for DIB and SSI filed after March 27, 2017. *See* https://www.ssa.gov/disability/professionals/bluebook/revisions-rules.htm.
[3] NRS 639.0124(d) states: 1. "'Practice of pharmacy' includes, but is not limited to, the: (a) Performance or supervision of activities associated with manufacturing, compounding, labeling, dispensing and distributing of a drug, including the receipt, handling and storage of prescriptions and other confidential information relating to patients. (b) Interpretation and evaluation of prescriptions or orders for medicine. (c) Participation in drug evaluation and drug research. (d) Advising of the therapeutic value, reaction, drug interaction, hazard and use of a drug. (e) Selection of the

5

20 C.F.R. § 404.1502(d).[4] The Commissioner adds that as a pharmacist, Dr. Chipchura was not licensed to evaluate Plaintiff's physical or mental conditions. *Id*. at 4-5. Because Dr. Chipchura is not a medical source, any opinion she articulated were non-medical opinions. *Id*. The Commissioner contends Plaintiff argued Dr. Chipchura specializes in mental health medication management, but he does not establish Dr. Chipchura qualifies as a medical source. *Id*. at 6 *citing* ECF No. 18 at 12.

The Commissioner repeats that the Social Security Regulations applicable to Plaintiff, who filed an application for benefits after March 27, 2017, only require the ALJ to explain how she considered consistency and supportability in assessing medical opinions and prior administrative medical findings, and need not explain how she considered any other enumerated factor under the new regulatory scheme under 20 C.F.R. § 404.1520c(c).[5] *Id*. at 3, 7-8 *citing* 20 C.F.R. § 404.1520c(b)(2).[6] The Commissioner cites to two district court decisions from Ninth Circuit courts holding "that the new regulations absolve ALJs of the court-created requirement to give 'germane reasons' for disagreeing with lay witnesses." *Id*. at 5 n.4 *citing Wendy J.C. v. Saul*, No. 3:19-cv-01434-AC, 2020 WL 6161402, at *12 n.9 (D. Or. October 21, 2020) ("The new regulations provide the ALJ is 'not required to articulate how [they] considered evidence from nonmedical sources ….'

---

source, storage and distribution of a drug. (f) Maintenance of proper documentation of the source, storage and distribution of a drug. (g) Interpretation of clinical data contained in a person's record of medication. (h) Development of written guidelines and protocols in collaboration with a practitioner which authorize collaborative drug therapy management. …. (i) Implementation and modification of drug therapy, administering drugs and ordering and performing tests in accordance with a collaborative practice agreement. (j) Prescribing, dispensing and administering of drugs for preventing the acquisition of human immunodeficiency virus and ordering and conducting laboratory tests necessary for therapy that uses such drugs pursuant to the protocol prescribed pursuant to NRS 639.28085. (k) Dispensing a self-administered hormonal contraceptive pursuant to NRS 639.28078. 2. The term does not include the changing of a prescription by a pharmacist or practitioner without the consent of the prescribing practitioner, except as otherwise provided in NRS 639.2583, 639.28078 and 639.28085."

[4] This Social Security Regulation states: "Medical source means an individual who is licensed as a healthcare worker by a State and working within the scope of practice permitted under State or Federal law, or an individual who is certified by a State as a speech-language pathologist or a school psychologist and acting within the scope of practice permitted under State or Federal law."

[5] 20 C.F.R. § 404.1520(c)(c) lists supportability, consistency, relationship with the claimant (with subcategories), specialization, and "other factors" when considering medical opinions.

[6] This section of the CFR states: "The factors of supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section) are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior administrative medical findings to be. Therefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision. We may, but are not required to, explain how we considered the factors in paragraphs (c)(3) through (c)(5) of this section, as appropriate, when we articulate how we consider medical opinions and prior administrative medical findings in your case record." Plaintiff cites this same standard. ECF No. 18 at 8.

1  20 C.F.R. § 404.1520c(d). As such, the ALJ is no longer required to provide reasons germane to lay witnesses to reject their testimony."); *Kyra H. v. Comm'r of Soc. Sec. Admin.*, Case No. 6:18-cv-01979-AC, 2020 WL 2216912, at *19 n.8 (D. Or. May 7, 2020) (same).

The Commissioner argues the ALJ also met the substantial evidence requirement to discredit a medical source as applied to Dr. Chipchura even though she is not a medical source. ECF No. 19 at 7.[7] The Commissioner argues there are three reasons Plaintiff's argument regarding the ALJ's failure to discuss his three antipsychotic medications fails. *Id*. at 10-12. First, the ALJ designed a highly restrictive RFC limiting Plaintiff to isolated work involving no contact with the public and only occasional contact with coworkers and supervisors. *Id.* at 11. Second, the ALJ found Dr. Chipchura provided no useful statements regarding Plaintiff's ability to interact with others that could be compared to the record. *Id.* at 11-12. Third, the Commissioner points to the ALJ's discussion of Plaintiff's admissions that he plays "his guitars on" public streets, at his wife's church, and at an open mic night, all of which Plaintiff said he enjoys. *Id*. at 12 *citing* AR 131, 1512, 1543. Plaintiff successfully participated in and successfully completed a work program, overall exceeding expectations, and was looking for jobs at the conclusion of the program. *Id*. *citing* AR 1433-1435, 1445, 1451-52, 1460-61, 1471, 1473-75, 1478, 1491-94, 1511, 1574, 1982-85. The Commissioner further notes the ALJ cited to facts demonstrating Plaintiff's unemployment was "unrelated to … [his] inability to sustain work due to medical impairments." *Id. citing* AR 41. Plaintiff reported that he would "begin work soon," but that his felon status would interfere with a job at the VA, so was getting help finding a non-VA position. *Id. citing*, *inter alia,* 1512. The Commissioner says the ALJ found Plaintiff also was not being hired for work he could otherwise do because of employer hiring practices and Plaintiff's lifetime parole status. *Id*. *citing* 1445. The Commissioner argues, referring to the admissions made by Plaintiff, that Dr. Chipchura's statements regarding Plaintiff's inability to interact or deal with others is simply not consistent with the record. *Id*. at 13.

---

[7] Among other arguments made in the Commissioner's brief, the Commissioner says the box-check form Dr. Chipchura completed was unsupported by "useful explanation[s]." *Id*. at 7, 9, 10 (citing *Woods*, 32 F.4th at 794). The Commissioner also (1) explains how the ALJ accounted for Plaintiff's mental health limitations in the RFC, (2) argues Plaintiff does not challenge the ALJ's supportability analysis (thus, waiving this argument), and (3) states that even assuming Dr. Chipchura's opinions were consistent with Dr. Collins' opinions (a conclusion with which the Commissioner disagrees), the ALJ found Dr. Collins' opinion unpersuasive. *Id*. at 9-12.

7

The Commissioner concludes that Dr. Chipchura provided an opinion outside the scope of her practice, Plaintiff's arguments applied the wrong standard, and the ALJ explained why she discounted Dr. Chipchura's opinion under the standard applicable to medical opinions even though Dr. Chipchura is not a medical source. *Id*. at 14.

**D.  Analysis.**

The opinions of non-medical sources are treated as lay testimony, which "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Turner v. Commissioner of Social Security*, 613 F.3d 1217, 1223–24 (9th Cir. 2010); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. *Lewis*, 236 F.3d at 512. The ALJ also may "draw inferences logically flowing from the evidence." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

In this case, Dr. Chipchura is indisputably not a medical doctor, but a Doctor of Pharmacy who has specified authority as a matter of law. 20 C.F.R. § 404.1502(d); NRS 639.0124(d). As such Dr. Chipchura is not treated as an acceptable medical source. *Mette v. Commissioner of Social Security*, Case No. 1:16-CV-03142-JTR, 2017 WL 5146024, at *6 (E.D. Wash Aug. 31, 2017) ("Dr. Ballasiotes is a pharmacist, not a medical doctor, and, therefore, is not an acceptable medical source.") (citations omitted). *See also Choate v. Astrue*, Case No. C12-0311-MAT, 2012 WL 3240318, at *5 n.2 (W.D. Wash. Aug. 7, 2012) ("As a pharmacist, Ms. Coffey is not an 'acceptable medical source' as defined in the Social Security regulations.") (internal citations omitted); *Jackson v. Astrue*, Case No. CV-10-03075-CI, 2012 WL 1185976, at *6 (E.D. Wash. Apr. 9, 2012) ("Contrary to Plaintiff's assertions, as a pharmacist, Ms. Coffey is not an 'acceptable medical source' as that term is used in the Social Security regulations. *See* 20 C.F.R. 416.913(a). Physician's assistants, nurse practitioners, and chiropractors and similar providers are medical professionals, but they are not considered 'acceptable medical sources,' under the Social Security regulations. 20 C.F.R. § 404.1513(d)(1), 416.913(d)(1). Rather, these medical professionals are considered "other

sources." *Id.* As stated … the ALJ may discount the opinion of a non-acceptable medical source by providing reasons that are "germane" to that source.") (internal citation omitted); *Howard v. Astrue*, Case No. CV 09-1508-PK, 2011 WL 2222165, at *12 (D. Ore. Apr. 26, 2011) ("pharmacist … is not an 'acceptable medical source' as that term is used in the Social Security regulations.) (internal citation omitted).

When Dr. Chipchura offered evaluative opinions regarding Plaintiff's physical capacity (*see* AR 524-26) she acted outside the scope of her pharmacological practice even given her subspeciality in mental health clinical pharmacy. Importantly, Plaintiff does not contest the physical capacity findings made by the ALJ. *See* ECF No. 18, generally. As to the form on which Dr. Chipchura checked boxes (AR 427-429) regarding Plaintiff's mental health limitations, Plaintiff fails to overcome the records relied upon by the ALJ demonstrating substantially different mental capacity. AR 35, 40-41, 43 and citations to AR 131, 1433-1435, 1445, 1451-52, 1460-61, 1471, 1473-75, 1478, 1491-94, 1511-12, 1543, 1574, 1982-85. In light of this substantial and germane evidence on which the ALJ relied to discount Dr. Chipchura's opinions, the ALJ's findings are supported and consistent with substantial record evidence. *See Frausto v. Commissioner Social Security*, Case No. 1:21-cv-01132-SAB, 2022 WL 4793999, at *6 (E.D. Cal. Oct. 3, 2022) ("The Court finds that while there may be overlap between the ALJ's findings that could be applied to either the supportability or consistency factors, the Court finds the ALJ's findings as to both supportability and consistency to be supported by substantial evidence in the record."). Further, Social Security Regulation 20 C.F.R. § 1502(d) is clear that the ALJ was "not required to articulate" how she "considered evidence from [Dr. Chipchura,] a non-medical source."

The objective evidence of Plaintiff's abilities—traveling, performing errands, performing music in public and successful completion of his work program after which Plaintiff admitted his inability to find work may be due to his status of being on lifetime parole—belies the conclusion that Plaintiff is unable to do any work at all. The ALJ relied on testimony of a vocational expert (in compliance with the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2) to establish there are available jobs Plaintiff can perform under the strict RFC the ALJ crafted. The ALJ, having met her burden, found Plaintiff is "not disabled" and therefore not entitled to disability

insurance benefits. 20 C.F.R. §§ 404.1520(f), 404.1562. Even assuming the "evidence is susceptible to more than one rational interpretation, the Court must accept the one which supports the ALJ's decision." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Said slightly different, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## IV.   ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Reversal and Remand (ECF No. 18) is DENIED.

IT IS FURTHER ORDERED that Defendant's Cross-Motion to Affirm (ECF No. 19) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court must enter judgment in favor of Defendant and close this case.

DATED this 3rd day of May, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE